1:06CV703-MHT

RECEIVED
2006 AUG -9 A 9:48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): RALPH WILSON LINGO | | Docket or Case No.: 2003-000599.00 |
| Place of Confinement: MONTGOMERY CITY JAIL | | Prisoner No.: 190083 |
| Petitioner (include the name under which you were convicted) RALPH WILSON LINGO | v. | Respondent (authorized person having custody of petitioner) STATE OF ALABAMA |
| The Attorney General of the State of ALABAMA | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: HOUSTON COUNTY COURT, HOUSTON COUNTY, ALABAMA

   (b) Criminal docket or case number (if you know): 2003-000599.00

2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: SOMETIME IN 2004

3. Length of sentence: 20 YEARS

4. In this case, were you convicted on more than one count or of more than one crime?   Yes ☐   No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: INTIMIDATING A STATE WITNESS

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒
   (2) Guilty ☐
   (3) Nolo contendere (no contest) ☐
   (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☒      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
    Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
    Yes ☒ No ☐

9. If you did appeal, answer the following:
(a) Name of court: ALABAMA COURT OF APPEALS
(b) Docket or case number (if you know): DO NOT KNOW
(c) Result: THEY UPHELD THE CONVICTION
(d) Date of result (if you know): DO NOT KNOW
(e) Citation to the case (if you know): DO NOT KNOW
(f) Grounds raised: MY ATTORNEY NEVER TOLD ME AND I HAVE NO PAPERWORK IN MY FILE. I DID TELL MY ATTORNEY THE ARRESTING OFFICER USED FALSE ID, AND HE WAS ALSO OUT OF HIS JURISDICTION WHEN HE MADE THE ARREST. THE WARRANT WAS NOT SIGNED AND I WAS KEPT IN THE DOTHAN CITY JAIL FOR 5 DAYS WITH NO FIRST APPEARANCE

(g) Did you seek further review by a higher state court? Yes ☒ No ☐
    If yes, answer the following:
(1) Name of court: ALABAMA STATE SUPREME COURT
(2) Docket or case number (if you know): DO NOT KNOW
(3) Result: CONVICTION WAS UPHELD

(4) Date of result (if you know): DO NOT KNOW
(5) Citation to the case (if you know): DO NOT KNOW
(6) Grounds raised: SAME INFORMATION AS 9(f) THIS WAS MY ATTORNEY'S FIRST APPEAL

Page 4

    (h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ☒

        If yes, answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

        Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        Yes ☐ No ☐

        (7) Result: _____

        (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

_____

_____

_____

Page 5

_____
_____
_____
_____
_____

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
      Yes ☐  No ☐

   (7) Result: _____

   (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
      Yes ☐  No ☐

   (7) Result: _____

   (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:     Yes ☐  No ☐
   (2) Second petition:  Yes ☐  No ☐
   (3) Third petition:   Yes ☐  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____
_____
_____
_____

Case 1:06-cv-00703-MHT-CSC    Document 1    Filed 08/09/2006    Page 4 of 18

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION</u>: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** ILLEGAL ARREST AND ILLEGAL WARRANT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): WARRANT # WR2003 009274.00 ARRESTING OFFICER WAS OUTSIDE HIS JURISDICTION (CHOUDY CTY VS HOUSTON CTY) ARRESTING OFFICER MAINTAINED FALSE IDENTIFICATION AND USED SAME TO MAKE ARREST. THE ID SAID HE WAS A HENRY CTY DEPUTY SHERIFF. SHERIFF ARMSTRONG, OF HENRY CTY, STATES IN 2 LETTERS THAT ARRESTING OFFICER IS NOT NOW, NOR HAS HE EVER BEEN A HENRY CTY DEPUTY SHERIFF. THIS WARRANT WAS NEVER BEEN SIGNED BY THE ARRESTING OFFICER

(b) If you did not exhaust your state remedies on Ground One, explain why: I WAS AT A MENTAL HOSPITAL IN MIAMI FLORIDA SENT BY THE FEDERAL GOVT. I CAN NOT READ OR WRITE SO I MUST HAVE PEOPLE HELP ME. I DO NOT KNOW WHAT MY ATTORNEY DID ON MY BEHALF AND HE WON'T TELL ME.

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒  No ☐   I ASKED HIM TO BUT DO NOT KNOW IF HE DID.

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: ___

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☐  No ☒

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: ___
Name and location of the court where the motion or petition was filed: ___

Docket or case number (if you know): ___
Date of the court's decision: ___

Page 7

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion or petition?
   Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?
   Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____
_____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __N/A__
_____
_____

**GROUND TWO:** ILLEGAL SEARCH AND SEIZURE OF PROPERTY FROM MY HOME

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): WARRANT # 2002-007881 AFFIDAVIT FOR SEARCH WARRANT # 2003-003058. THE WARRANT WAS A 2002 WARRANT SERVED ON 4-14-03 AT 1030AM. HENRY CTY SHERIFF'S OFFICE NEVER RECORDED THIS SEARCH WARRANT AND IT HAS NEVER BEEN STAMPED BY ANY COURT. THIS SEARCH WAS CONDUCTED BY A DOTHAN CITY POLICE OFFICER ACTING AS A HENRY CTY DEPUTY SHERIFF (SEE GND 1). RADIO AND DISPATCH LOG SHEETS FROM HENRY CTY SHOW NO SEARCH OF MY HOME BY HENRY CTY SHERIFF'S OFFICE.
SEE ADDITIONAL SHEET FOR GND 2.

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why: __See Ground 1 (b)__
__same information applies__ _____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☒    No ☐  __I asked him to but do not know if he did.__

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐    No ☒

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐    No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A
_____
_____
_____

GROUND THREE: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): MY ATTORNEY WOULD NEVER COME SEE ME TO PREPARE FOR MY TRIAL. MY ATTORNEY WOULD NOT INTRODUCE "OUT OF JURISDICTION" LAWS THAT WOULD SHOW THE ILLEGAL SEARCH OF MY RESIDENCE. MY ATTORNEY WOULD NOT RAISE THE ISSUE OF THE ILLEGALITY OF THE SEARCH WARRANT OR THE FACT I WAS KEPT IN DOTHAN CITY JAIL FOR 5 DAYS WITHOUT A FIRST APPEARANCE.

(b) If you did not exhaust your state remedies on Ground Three, explain why: SEE ADDITIONAL PAGE FOR GROUND 2   SEE GROUND 1 (b) SAME INFORMATION APPLIES

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ❑  No ❑

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion or petition?

Yes ❏   No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

_____

_____

**GROUND FOUR:** IMPROPER CHARGE -- INTIMIDATION VS HARASSMENT OF A STATE WITNESS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THE THREAT AGAINST MY EX-WIFE WAS NEVER CARRIED OUT IN THE TIME PERIOD OF 72 HOURS. I HAD NO KNOWLEDGE SHE WAS A STATE WITNESS. WE STILL SHARED A BANK ACCOUNT AND SHE STILL USED MY LAST NAME, AND WE WERE STILL SEEING EACH OTHER ON OCCASION. SHE NEVER TOLD ME SHE WAS A STATE WITNESS -- SHE DID SAY "DON'T EVER CALL ME BACK." SOMETHING WE HAVE SAID TO EACH OTHER MANY

Page 11

TIMES. USUALLY THIS OCCURRED AFTER HEARING A WOMAN CALL ME OR A MAN CALL HER. WE WOULD LISTEN TO EACH OTHERS RECORDINGS.

(b) If you did not exhaust your state remedies on Ground Four, explain why: SEE ADDITIONAL SHEET FOR GND 4 SEE GROUND 1 (b) SAME INFORMATION APPLIES.

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ❑  No ❑

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❑  No ❑

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

Page 12

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☒  No ☐

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    _____

    _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

    _____

    _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐  No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: TERRY BULLOCK

    (b) At arraignment and plea: TAMMY STINSON _____

    (c) At trial: TAMMY STINSON

    (d) At sentencing: TAMMY STINSON

    (e) On appeal: AMOS
    HE WOULD GIVE ME NO PAPERWORK

    (f) In any post-conviction proceeding: _____

    (g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: CURRENTLY AWAITING TRIAL IN FEDERAL COURT ON GUN CHARGES

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I WAS SENT TO A MENTAL HOSPITAL IN MIAMI FLORIDA. I WAS SENT THERE BY THE FEDERAL GOVERNMENT. I CAN NOT READ OR WRITE SO I MUST DEPEND ON HELP FROM OTHERS. MY COURT APPOINTED ATTORNEYS WOULD NOT HELP ME FIGHT THIS WRONG CONVICTION.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **I WANT THE SENTENCE SET ASIDE AND THE SEARCH WARRANT DISMISSED. I ALSO ASK FOR AN ATTORNEY TO BE ASSIGNED TO**

or any other relief to which petitioner may be entitled. **HANDLE THIS CASE.**

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **8-8-2006** 
_____ (month, date, year).

Executed (signed) on **8-8-2006** (date).

**I AM BROKE WITH NO MONEY.**

_Ralph Lingo_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

* * * * *

ILLEGAL ARREST & ILLEGAL WARRANT

GROUND ONE -- RALPH WILSON LINGO
 JUDGE WHITE WOULD NOT ALLOW INTRODUCTION OF LAW THAT CLEARLY SHOWED THIS ARREST WAS ILLEGAL,

*Ralph Lingo*

Date, 8-8-2006

ILLEGAL SEARCH & SEIZURE

GROUND TWO -- RALPH WILSON LINGO

One of the items taken during the illegal search of my residence was audio taped conversations between me and my ex-wife. These tapes were outside the scope of the illegal warrant and Tony Luker used them to make contact with my ex-wife Deborah. He then used her as a state witness against me.

Mr. Luker has been caught in several lies concerning the obtaining of the warrant he used on 4-14-03. He has stated under oath he got the warrant from Houston County Court House, 4th floor. Judge Cooley knew the courthouse was under renovation and questioned Mr. Luker about this. Then in an affidavit from a civil case Mr. Luker stated he applied for a warrant in Henry County. In this same affidavit Mr. Luker states Troy Silva of the Henry County Sheriff's office accompanied him on this search. This is not supported by logs from the Henry County Sheriff's office. Mr. Silva has also stated "he was not there."

[illegible line]

Ralph Lingo   Date 8-8-2006

INEFFECTIVE ASSISTANCE OF COUNSEL

GROUND THREE -- RALPH WILSON LINGO

MY ATTORNEY HAD A BLOCK ON HER TELEPHONE SO I COULD NOT CALL HER. MY ATTORNEY WOULD NOT SUBPOENA ANY WITNESSES FOR MY DEFENSE. I FILED COMPLAINTS WITH THE ALABAMA BAR ASSOCIATION BEFORE MY TRIAL. MY ATTORNEY TOLD ME SHE DID NOT WORK FOR ME, SHE WORKED FOR THE COURT. SHE ALLOWED ME TO BE QUESTIONED BY POLICE INVESTIGATORS WITHOUT HER BEING PRESENT. THIS HAPPENED OVER 10 TIMES. SHE TOLD ME SHE HAD NEVER TRIED A CASE LIKE MINE AS SHE WAS A FAIRLY NEW ATTORNEY. SHE WANTED ME TO PLEAD GUILTY TO A CHARGE I WAS NOT GUILTY OF. SHE TOLD ME SHE COULD GET ME A "GOOD DEAL" IF I PLEAD GUILTY. MY ATTORNEY SHOULD OF FILED A SUPPRESSION OF EVIDENCE MOTION AND REFUSED. MY ATTORNEY WOULD NOT WORK TO GET THE ILLEGAL SEARCH THROWN OUT.

I WAS ALSO QUESTIONED WITHOUT MY ATTORNEY PRESENT WHILE AT BULLOCK CORRECTIONAL FACILITY. I WAS MISLEAD BY THE INVESTIGATOR ABOUT THE TOPIC OF HIS QUESTIONS. HE SAID HE WANTED TO TALK ABOUT A FIGHT AND THEN STARTED ASKING ME QUESTIONS ABOUT MY EX-WIFE,

Ralph Lingo   Date 8-8-2006

WRONGFULLY CHARGED

GROUND FOUR -- RALPH WILSON LINGO

However, we always worked out our differences in the past. This time appeared to be more severe as she filed a telephone harassment charge and got a restraining order against me, and I was arrested. Within a day or two of my release, I made the threat to drop the harassment charges or I would post nude photos of her all over town. I gave her 72 hours to comply and I left town on a Friday morning and did not return until late Monday night. I was arrested on 5-7-03 by Officer T. Suggs, (ID # 480) in Headland Alabama (Henry County) and transported to Dothan City Jail. On a Dothan Police Incident Report dated 5/2/03 I was charged with the offense "Violation of a Protection Order" a misdemeanor. I was charged on a second report filed the same day (5/2/03) with intimidation of a witness. Both reports have the following Case # 01-03-003879 The violation of the Protection Order was marked closed. The case I was trying to get my ex-wife to drop was the harassing communication charge. This was the only case I was aware of. This case was not a state case therefore I was not intimidating a state witness. Therefore the indictment against me is invalid because it alleges crimes I am not guilty of. I did not find out my wife was a state witness until after my arrest on 5-7-03. So I could not intimidate her. I could harass her -- a misdemeanor -- but not intimidate.

Ralph Lingo  Date 8-8-2006