In the United States District Court
for the Middle District of Alabama
The Northern Division

Ralph Wilson Lingo,
Petitioner

v.

Willie R. Collins,
Respondent

Civil Action
Case No: 1:06-CV-703-MHT

RECEIVED
2006 OCT 17  A 9:46

## Amendment to Original Habeas Corpus Petition

Comes now your Petitioner, Ralph Wilson Lingo, pro se, and would submit his amended brief pursuant to Rule 15(a) Federal Rules of Civil Procedure; as well as to meet the mandates of Rule 7(b)(1), 7(b)(2), along with Rules 10(a) and 11(a) Federal Rules of Civil Procedure.

Petitioner would make a request of the Honorable Court to allow an "Expantion of Record" as is it's descretion under 28 U.S.C. § 2254 Rule 7(b), refering to materials to be added as is allowed under Rule 7(a) by the inclusion of additional materials relevant to the determination of the merits of the petition. Petitioner would include letters predating the filing of the petition in the District Court, documents, exhibits, and answers by way of affidavits in order to support his claims, as well as to show cause for his reply to Respondents "Answer" as being in error of it's contentions and positions.

1.) Your Petitioner would add the state officer of

-1-

Autauga County Sheriff Herbie Johnson, who currently has custody of Petitioner, since the August 10, 2006 transfer from his pretrial federal holding at the Montgomery City Jail to Autauga Metro Jail, located in Prattville, Alabama, in order for Petitioner to make current his custodian to meet the requirements of Rule 2(a) Rules Governing Proceedings in United States District Court § 2254 of Title 28, United States Code. Petitioner would request that Respondant Willie R. Collins, Warden of the Montgomery City Jail, be forever expunged from the records of the habeas petitions as chief respondent in the instant case at bar, and replaced by Sheriff Herbie Johnson.

 2.) Petitioner would request that his second claim made within the original blank habeas petition, where he alleges that his home was illegally searched, and his property illegally seized, be dismissed with prejudice by the Honorable District Court, due to it being of no merit, as it is not germane to his state conviction of Intimidating a Witness. Your Petitioner will be replacing this dismissal (should the Honorable Court agree to his request.) with a meritorious claim.

 3.) Your Petitioner would request that the Honorable Court dismiss his third contention alleged in his original habeas corpus petition regarding ineffective assistance of counsel, wherein he contends that because of her failing to have challenged the legality of the search of his home by an officer acting outside

-2-

his jurisdiction, failed to visit him in order to prepare a defense, failed to argue the legality of the search warrant, failed to challenge the fact that he was held in the Dothan City Jail for five days without a first appearance, prevented him from calling her because she put a block on her phone, allowed him to be questioned by police over ten times in her absence, and encouraged him to plead guilty to a charge of which he was not guilty by telling him she "could get him a good deal". Your Petitioner would contend request that these specific claims raised in his original petition be dismissed due to their being irrelevant, not germane, and of no merit in regards to his state conviction of intimidating a witness.

Petitioner would preserve his contentions of ineffective assistance of counsel, due to her not having subpoenaed the witnesses that he had requested her to call that he raised in original petition.

4.) Your Petitioner would also preserve his fourth contention, wherein he stated that he should have been charged with harrassing a witness instead of intimidating a witness, however he would clarify what he was attempting to convey when he had dictated his position to his previous inmate legal assistants, while listing his claims within the 28 U.S.C. § 2254 form provided him by the U.S. District Court Clerk.

4A.) Due to Petitioner, having a speech impediment,

-3-

as well as possessing only a fifth grade education, and is illiterate, it is extremely difficult for him to convey exactly what he means when he is dictating his oral contentions to those inmates he had been using previously to assist him in his plight to seek relief from his state court conviction, therefore many of his claims were either completely omitted by those assisting him, or more so than not, misunderstood or misinterpreted, wherein Petitioner's true meaning was lost in these inmate assistants translations. In fact it has been extremely difficult for present assistant to understand what petitioner has tried to explain, and this present assistant possesses alot of experience in prisoner litigations. It is easily understood how those previously assisting him, who have no knowledge of even common law, could unintentionally, by "excusable neglect" omitt or fail to make known a legally meritorious claim of constitutional wrong doings by a state court; It would therefore be tremendously unfair to not allow Petitioner to amend his original claims of wrong doings by state courts, law enforcement, and appointed counsel, by way of habeas corpus relief, for to refuse amended claims would preclude Petitioner from the relief and one shot Congress intended him to have by way of the "Great Writ".

(46.) Petitioner would clarify his claim in regards to his fourth contention made in his

-4-

original habeas corpus petition. What petitioner was attempting to say is that he should have been found guilty of either lesser included offenses, but the state court refused to allow the jury to hear either of the lesser included offenses of intimidating a witness, and it is his contention that had the court instructed the jury on the fact that there were two lesser included offenses of intimidating a witness, and they were: coersion of a witness, and tampering with a witness, so the jury should have been instructed accordingly, but since they weren't petitioner believes his constitutional rights were violated.

 Petitioner therefore requests that his fourth claim be amended to a claim of being denied his constitutional rights to a fair trial, because of the jury not have been instructed of a lesser included offenses. Petitioner would request that his original claim of; he should have been charged with a harassing a witness instead of intimidating a witness be dismissed due to there being no Alabama statue regarding "harassment of a witness", therefore this claim should be dismissed as frivilous by the Honorable District Court.

 5) Petitioner would add a claim of his constitutional rights having been compromised, and violated by the state court, due to their allowing the testimony of an Alabama Department of Corrections Investigator, wherein statements

5

that Petitioner made outside of the presence of his Attorney when being interviewed by this DOC investigator, to be heard by the jury, plainly violating Petitioners constitutional rights.

6.) Petitioner would preserve his own first claim made in his original habeas corpus petition in which he contends that he was arrested by Police officers outside their jurisdiction therefore his arrest was illegal due to the warrant not having been domesticated for the jurisdiction in which it was to be presented.

7.) Your Petitioner would amend his claim of ineffective assistance of counsel to include not only her failure [and/or] refusal to subpoena witnesses Petitioner requested her to call, but to add that her failure to make objections to the state's calling his wife to testify against him, and she would not cross examine his wife about her common law marriage to Petitioner, which would have brought her testimony under the spousal privilege not to testify against ones spouse, as well as failure to preserve issues.

8.) Your Petitioner would aver that the Honorable District Court should accept his amended complaint due to do inc. otherwise would preclude him from his one hope of relief by way of federal intervention.

Wherefore These Premises Considered, Your Petitioner would pray that the Honorable

-6-

District Court would accept his amended claims and order this relief be granted him as well as any other relief the court deems appropriate and available to him.

For This We Forever Pray.

Done this the 29th day of September, 2006.

\* Submitted on this the 16th day of October, 2006.

Respectfully Submitted,
Ralph Wilson Lingo
Petitioner
136 North Court Street
Prattville, Alabama
36067

### Certificate of Service

I, Ralph Wilson Lingo, do hereby certify that I have delivered a copy of the foregoing motion, along with it's attachments, to the Clerk's Office for the United States District Court by placing the same in the United States mail properly addressed to Mrs. Debra Hackett Office of the Clerk P.O. Box 711 Montgomery, Alabama 36101-0711 with proper postage prepaid and affixed this the 29th day of September, 2006. I have also served the Respondants at the Attorney General Office-Alabama State House-11 South Union Street-Montgomery, Alabama 36130-0152. This the 29th day of September, 2006. R.W. Lingo

-7-