In the United States District Court
for the Middle District of Alabama
The Northern Division

Ralph Wilson Singo,
    Petitioner

v.                        1:06-CV-703-MHT

Willie R. Collins,
    Respondent

## Amendment to Original Habeas Corpus Petition

Comes now your Petitioner, Ralph Wilson Singo, pro se, and would submit his amended petition pursuant to Rule 15(a) Federal Rules of Criminal Procedure, as well as to meet the mandates of Rule 7(b)(1), 7(b)(2) along with Rules 10(a) and 11(a) Federal Rules of Civil Procedure.

Petitioner would make a request of the Honorable Court to allow an "Expantion of Record" as is at the Courts descretion under 28 U.S.C. §2254 Rule 7(b), refering to materials to be added as is allowed under Rule 7(a), by inclusion of additional materials relevant to the determination of the merits of the petition. Petitioner would include letters predating the filing of the petition in the District Court, documents, exhibits, and answers by way of affidavits in order to

-1-

to support his claims, as well as to show cause for his reply, to Respondants "Answer" as being in error of it's contentions and positions.

1.) Your Petitioner would add the state officer of Autauga County Sheriff James "Herbie" Johnson, who is currently the custodian of Petitioner, he has maintained custody of Petitioner since the August 10, 2006 transfer from his pre-trial federal holding at the Montgomery City Jail, to the Autauga Metro Jail, located in Prattville, Alabama. Petitioner does so to meet the requirements of Rule 2(a) Rules Governing Proceedings in United States District Court 28 U.S.C. § 2254 Petitioner would request that Respondent Willie R. Collins, Warden of the Montgomery City Jail, be forever expunged from the records of the habeas petition as chief Respondant in the instant case at bar, and be replaced by Sheriff James "Herbie" Johnson.

2.) Petitioner would request that his second claim he made in his original habeas petition where he alleges that his home was illegally searched, and his property illegally siezed, be dismissed with prejudice by the Honorable District Court, due to it being of no merit as it is not germane to his state conviction of

-2-

Intimidating a Witness.

3.) Your Petitioner would request that the Honorable court dismiss his third contention alleged in his original habeas corpus petition regarding ineffective assistance of counsel, wherein he contends that because of her failing to have challenged the legality of the search of his home by an officer acting outside his jurisdiction, failed to visit him in order to prepare a defense, failed to argue the legality of the search warrant, failed to challenge the fact that he was held in the ~~District Court~~ Dothan City Jail for five days without a first appearance, prevented him from calling her because she had put a block on her phone, allowed him to be questioned by police over 10 times in her absence, and encouraged him to plead guilty to a charge for which he was not guilty of, by telling him "she could get a good deal"; because these claims are not germane and of no merit to his conviction of Intimidating a Witness.

Petitioner would preserve his contentions of ineffective assistance of counsel due to her not having subpoenaed the witnesses that he had requested her to call, that he raised in his original claim. He would add her representation as being ineffective due to her failure to question his common law wife of their com-

—3—

common law marriage which would have brought the common law rule of one spouse not testifying against the other, her failure to properly object to the state trial court's not instructing on the lesser included offense of Criminal Coercion, and Tampering with a Witness. That she failed to question the Houston County Police Detective about his arresting Petitioner in Henry County without having first domesticated the warrant. That she was so inexperienced as a trial attorney that her questioning of the states witnesses brought about responses that were prejudicial to him, and finally that her representation was so deficient as to have prejudiced him.

4.) Your Petitioner would also preserve his fourth contention wherein he stated that he should have been charged with harassing a witness instead of intimidating a witness, however, he would clarify what he was attempting to convey when he dictated his position to his previous inmate legal assistants while listing his claims within listing his claims within the 28 U.S.C. § 2254 form provided him by the U.S. District Court Clerk.

4(a). Due to Petitioner having a speech impediment, as well as possessing a fifth grade education, along with being illiterate,

-4-

it is extremely difficult for him to convey exactly what he means when he is orally dictating his contentions to those inmates he plight to seek relief from his state court conviction, therefore many of his claims were either completely omitted by those assisting him, or more so than not, misinterpreted what he was saying therefore losing Petitioner's true meaning in their translations.

In fact it has been extremely difficult for present assistant to understand what Petitioner is trying to explain. Certainly it is easily understood how those previously assisting him, who have no knowledge of even common law, could unintentionally, by "excusable neglect" omitt or fail to make known a legally meritable claim of Constitutional wrong doings by a state court.

It would therefore be tremendously unfair to not allow Petitioner to amend his original claims of wrong doings of a state court, law enforcement, and appointed counsel, by way of habeas corpus. For to refuse his amended claims would preclude Petitioner from the one shot at relief that Congress intended him to have by way of the "Great Writ"

4(b) Petitioner would clarify his claim

- 5 -

regarding his fourth contention made in his original petition. Petitioner was trying to convey the fact that he should have been found guilty of either of the lesser included offenses of Coercion of a Witness or Tampering of a Witness rather than being found guilty of the Intimidating a Witness, and it is his contention that had the jury been so instructed on the lesser included offenses then the outcome of his trial would likely have been different, therefore he was prejudiced by the Trial Court's refusal to instruct the jury accordingly thereby violating his Sixth and Seventh Amendments to a fair trial.

    5.) Petitioner would add a claim of constitutional violations of the court having allowed his common law wife to testify against him as such testimony is protected from one spouse testifying against the other by the common law forbidding such testimony. Therefore Petitioner would contend his Sixth and Seventh Amendment rights to a fair trial were violated by the Trial Court.

    6.) Petitioner would add a claim of his constitution right to not self incriminate himself as protected by the Fifth Amendment, having been violated by the state court having allowed his statements made to an

-6-

Investigar of the Alabama Department of Corrections to be put before the jury, when such statement had been made outside the presence of his attorney. Petitioner would contend that his Fourteenth Amendment right to due process of law was also violated by such statements made outside the presence of his counsel to be brought before jury. He would also contend that the testimony of this Investigator being allowed by the Trial Court was a violation of his Sixth Amendment and Seventh Amendment right to a fair trial.

7.) Petitioner would aver that his 20 year sentence was excessive, and that it was illegally enhanced by the Trial Court's having had his past misdemeanor offenses; as well as past charges he had been found not guilty of, along with a case that had been reversed, and rendered by the Alabama Criminal Court of Appeals, and charges which had not been adjudicated, to be brought before the court by the state prosecutor so that Petitioner would be sentenced under the Habitual Offender Act. These actions by the state prosecutor dripped of prosecutorial misconduct and plainly violated not only Petitioner's

-7-

constitutional rights but was a violation of the Alabama Constitution, as well as the Alabama Rules of Criminal Procedure, 1975. Only felony convictions can be used to enhance punishment, therefore Petitioner's sentence was illegally had by the State Trial Court.

8.) Petitioner would add the claim of his arrest being illegal in that he was arrested in Henry County, Alabama by a Police Detective out of Dothan, Alabama, which is Houston County, therefore Petitioner was illegally arrested because the Police Officer failed to domesticate the warrant and was outside his jurisdiction to serve a warrant or make an arrest.

9.) Your Petitioner would aver that the Honorable U.S. District Court should accept his amended complaint due to doing otherwise would preclude him from his one shot at federal relief by way of habeas corpus in which Congress intended he have.

**Wherefore These Premises Considered,** Petitioner would pray that the Honorable Court would accept his amended petition and order he be given this request, as well as any other relief the Court deems available to him. **For This We Forever Pray.**

-8-

Done this the 2ND day of October, 2006

Mailed this the 16TH day of October, 2006

Respectfully Submitted,
Ralph Wilson Lingo
Petitioner
136 North Court Street
Prattville, Alabama
36067

## Certificate of Service

I, Ralph Wilson Lingo, do hereby certify that I have delivered a copy of the foregoing motion along with it's attachments to the Office of the Clerk for the United States District Court by placing the same in the U.S. mail properly addressed to Mrs. Debra Hackett - Clerk's Office - P.O. Box 711 - Montgomery, Alabama 36101-0711 with proper postage prepaid and affixed this the 16TH day of October, 2006.

I have also served the Respondants by placing the copy of the same in the U.S. mail c/o Attorney General's Office - Alabama State House - 11 South Union Street - Montgomery, Alabama this the 16TH day of October, 2006.

Ralph Wilson Lingo
Petitioner

-9-