IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RALPH WILSON LINGO,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀CIVIL ACTION NO.
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀1:06-CV-703-MHT
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
SHERIFF HERBIE JOHNSON,⠀)
et al.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Respondents.⠀⠀⠀⠀⠀)

## ANSWER TO AMENDED PETITION

Come Respondents, by and through the Attorney General for the State of
Alabama, and, in response to this Court's October 20, 2006 "Order on Motion",
submits the following.

## A. Procedural History

On September 5, 2003, the Houston County Grand Jury returned an
indictment charging Lingo with intimidating a witness, in violation of Section
13A-10-123 of the Code of Alabama. *Exhibit A, pp. 7-8*  On November 3, 2004,
Lingo's trial began in the Houston County Circuit Court, and on November 4,
2004, the jury returned with a verdict of guilty to the charge of intimidating a

witness. *Exhibit A, p. 4*  On December 9, 2004, the State offered evidence that Lingo had one prior felony conviction for receiving stolen property in the second degree; therefore, the judge sentenced Lingo under the Alabama Habitual Felony Offender Act [Ala. Code §13A-5-9(a)(1)] to twenty years' imprisonment. *Id.*

On appeal to the Alabama Court of Criminal Appeals, Lingo argued the following: 1) "Whether the trial court erred in denying to give a jury instruction on the lessor  (sic) included offenses of criminal coercion and tampering with a witness"; 2) "Whether there was insufficient evidence to warrant a motion for judgment of acqiuttal (sic) of intimidating a witness"; and, 3) "Whether trial counsel's assistance at trial was ineffective". *Exhibits B and C*  On June 10, 2005, the appellate court affirmed Lingo's conviction in an unpublished  memorandum, and subsequently overruled his application for rehearing. *Exhibits D and E*  The Supreme Court of Alabama denied Lingo's petition for a writ of certiorari on August 12, 2005. *Exhibit F*

On August 9, 2006, Lingo filed a petition for writ of habeas corpus, pursuant to Title 28 U.S.C. §2254.  Respondents filed an answer to the petition on September 15, 2006.  On October 17, 2006, Lingo filed an amendment to his petition, dismissing several of his federal habeas claims, and asserting additional claims.  On October 18, 2006, Respondents were ordered by the Court to file an answer to the amended petition on or before November 8, 2006.  On October 20,

2006, the Court ordered that the amended petition filed by Lingo on October 17, 2006, be stricken and substituted with an amended petition filed on October 19, 2006. Respondents were ordered by the Court to respond to the amended petition on or before November 8, 2006.

## B. Statute of Limitation

Lingo's petition is not barred by the one-year statute of limitation in Title 28 U.S.C. §2244(d). Lingo's conviction was affirmed by the Alabama Court of Criminal Appeals on June 10, 2005; the Supreme Court of Alabama denied his petition for a writ of certiorari on August 12, 2005;[1] and, Lingo filed his federal habeas petition on August 9, 2006, within one year after his conviction became final on direct review.

---

[1] Lingo did not file a petition for a writ of certiorari in the United States Supreme Court but had until November 10, 2005, to do so. S. Ct. R. 13.1

3

## C. Lingo's Amended Claims

In his "Amendment to Original Habeas Corpus Petition", Lingo asserts the following:

1. He was denied effective assistance of trial counsel because his attorney: failed to subpoena witnesses requested by him; failed to question his common-law wife concerning their marriage; failed to "properly object" to the state trial court's failure to instruct the jury on criminal coercion and tampering with a witness; failed to question his arrest in Henry County by a Houston County police detective "without first having domesticated the warrant"; was "so inexperienced as a trial attorney that her questioning of the state's witnesses brought about responses that were prejudicial to him"; and "her representation was so deficient as to have prejudiced him".

2. He "should have been found guilty of either of the lesser included offenses of coercion of a witness or tampering of a witness rather than being found guilty of the intimidating of a witness"; therefore he was prejudiced by the court's failure to instruct the jury on these offenses, "violating his Sixth and Seventh Amendments to a fair trial".

3. The trial court violated his constitutional rights by allowing his common-law wife to testify against him, in violation of his "Sixth and Seventh Amendment rights to a fair trial".

4. His constitutional "right to not self-incriminate himself", as provided under the Fifth Amendment, was violated when his statement to an investigator with the Department of Corrections was placed before the jury when the statement was made "outside the presence of his attorney"; therefore, "the testimony of this investigator being allowed by the trial court was a violation of his Sixth Amendment and Seventh Amendment right to a fair trial".

5. His twenty-year sentence was excessive and illegally enhanced by past misdemeanor offenses, past charges for which he was found not guilty, a case that had been reversed and rendered by the Alabama Court of Criminal Appeals, and "charges which had not been adjudicated". Also, the prosecutor's action in this instance "dripped

4

of prosecutorial misconduct and plainly violated not only petitioner's constitutional rights but was a violation of the Alabama Constitution as well as the Alabama Rules of Criminal Procedure".

6. His arrest was illegal because he was arrested in Henry County by a police detective from Dothan (Houston County).

## D. Exhaustion and Procedural Default

Most of Lingo's federal habeas claims are procedurally defaulted. More specifically, the following claims raised by Lingo in this amended federal habeas petition were not raised at his trial or on his direct appeal:

1. He was denied effective assistance of trial counsel because his attorney: failed to subpoena witnesses requested by him; failed to "properly object" to the state trial court's failure to instruct the jury on criminal coercion and tampering with a witness; was "so inexperienced as a trial attorney that her questioning of the state's witnesses brought about responses that were prejudicial to him; and" her representation was so deficient as to have prejudiced him".

2. The trial court violated his constitutional rights by allowing his common-law wife to testify against him.

3. His constitutional "right to not self-incriminate himself" was violated when his statement to an investigator with the Department of Corrections, made "outside the presence of his attorney", was placed before the jury.

4. His twenty-year sentence was excessive and illegally enhanced by past misdemeanor offenses, past charges for which he was found not guilty, a case that had been reversed and rendered by the Alabama Court of Criminal Appeals, and "charges which had not been adjudicated", and the prosecutor was guilty of prosecutorial misconduct based on his submission of proof of these crimes to the court for its consideration.

5. His arrest was illegal because he was arrested in Henry County by a police detective from Dothan (Houston County).

Furthermore, Lingo no longer has an available state court remedy to pursue these claims. Although Lingo has not yet filed a state post-conviction petition, the one year deadline for filing a post-conviction petition has passed, see Ala. R. Crim. P. 32.2(c); accordingly, Lingo is barred by the statute of limitation from filing such a petition in state court.[2] Therefore, these claims, those that Lingo did not raise in the state courts, are procedurally barred in this federal habeas proceeding. See Henderson v. Campbell, 353 F.3d 880, 891(11th Cir. 2003)("Since Henderson failed to properly exhaust these claims in the state courts, and now is undeniably barred by firmly established and consistently applied state procedural rules from raising them, the claims are procedurally defaulted....").

One of the claims that Lingo raises in this proceeding was argued on direct appeal, specifically that the trial court erred in refusing to instruct the jury on criminal coercion and tampering with a witness. The Alabama Court of Criminal Appeals held that the claim was procedurally barred because it was not first raised in the trial court . See *Exhibit B, pp. 30-36.* A federal district court is precluded

---

[2] Because none of Lingo's claims appear to be jurisdictional, they would be subject to the statute of limitation. See Sumlin v. State, 710 So. 2d 940, 941-42 (Ala. Crim. App. 1998)( nonjurisdictional challenge to validity of arrest/arrest warrant subject to Ala. R. Crim. P. 32.2(c) statute of limitation); Cogman v. State, 852 So. 2d 191, 192 (Ala. Crim. App. 2002)(ineffective assistance of counsel is nonjurisdictional claim subject to Rule 32.2(c) statute of limitation).

from considering claims that have been declared procedurally defaulted during the

state-court proceeding. See Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999).

Accordingly, this claim should not be considered on its merits.

Regarding federal habeas review of procedurally defaulted claims, the

Eleventh Circuit Court of Appeals reiterates:

> Procedural default will be excused only in two narrow circumstances.
> First, a petitioner may obtain federal review of a procedurally
> defaulted claim if he can show both "cause" for the default and actual
> "prejudice" resulting from the default. See Murray v. Carrier, 477 U.S.
> 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); [Wainwright
> v.] Sykes, 433 U.S. [72], 87, 97 S.Ct. [2497], 2506 [1977]. "To
> establish 'cause' for procedural default, a petitioner must demonstrate
> that some objective factor external to the defense impeded the effort
> to raise the claim properly in the state court." Wright v. Hopper, 169
> F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner
> must show that there is at least a reasonable probability that the result
> of the proceeding would have been different. Id.; Crawford v. Head,
> 311 F.3d 1288, 1327-28 (11th Cir.2002). Second, a federal court may
> also grant a habeas petition on a procedurally defaulted claim, without
> a showing of cause or prejudice, to correct a fundamental miscarriage
> of justice. Murray, 477 U.S. at 495-96, 106 S.Ct. at 2678. A
> "fundamental miscarriage of justice" occurs in an extraordinary case,
> where a constitutional violation has resulted in the conviction of
> someone who is actually innocent. Id.

Henderson, 353 F.3d at 891-92. Based on Henderson, therefore, this Court may

consider Lingo's procedurally defaulted claims on the merits only if Lingo is able

to show either "cause" and "actual prejudice" or "a fundamental miscarriage of

justice".

In this amended petition, Lingo talks about the inadequacy of prior inmate assistance, as well as his "speech impediment", fifth grade education, and illiteracy which, allegedly, prevented him from clearly conveying what he was trying to say to the inmate assisting him in preparing his [original federal habeas] petition. See Lingo's petition, pp. 4-5. He also mentions "excusable neglect" in reference to these alleged problems. Lingo's statements, however, should not be considered as "cause" for his procedural default. In fact, Lingo states "many of his claims were either completely omitted by those assisting him, or more so than not, misinterpreted what he was saying therefore losing Petitioner's true meaning in their translations", suggesting, instead, that what he is doing is attempting to explain why his original federal habeas petition was poorly drafted or unclear. See petition p. 5. As the Eleventh Circuit points out in Henderson, 353 F.3d at 891-92, "[t]o establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Lingo does not allege an objective factor that impeded his ability to properly raise all of his claims in the trial and appellate court. Instead, he is explaining why he failed to adequately plead his claims in his original federal habeas petition. Furthermore, Lingo has not attempted to allege "actual prejudice". As stated in Henderson, "[t]o establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the

proceeding would have been different". Id. at 891-2. Therefore, because Lingo

has failed to show "cause" and "actual prejudice", or a "fundamental miscarriage

of justice", that would excuse his procedural default of most of his federal habeas

claims, this Court should not consider these claims on the merits.

## E. Merits of Lingo's Un-Defaulted Claims

*Trial counsel was ineffective for failing to question Lingo's arrest in Henry County by a Houston County officer, and failing to question his common-law wife concerning their marriage.*

Lingo contends that his trial counsel was ineffective because, among other

errors[3], she failed to question his arrest in Henry County by a Houston County

detective[4] and failed to question his common-law wife (the victim) concerning

their marriage. While Lingo alleged these instances of counsel error in his pro se

motion for new trial, he did not elaborate on the claims on appeal but merely

reiterated what had been asserted in the motion for new trial. *Exhibit B, pp. 30-31*

Consequently, the Alabama Court of Criminal Appeals, although not specifically

---

[3] Because the other instances of alleged counsel error that Lingo alleges in this federal habeas petition were not properly raised at trial, *Exhibit A, pp. 195-201*, or on direct appeal, *Exhibit B, pp. 30-37*, they are procedurally defaulted. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir.1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously.").

[4] It is not exactly clear that the arrest that Lingo speaks of here occurred in this case; nevertheless, out of an abundance of caution, Respondents will address the claim as though it occurred in this case.

addressing these instances of alleged counsel error, held that Lingo had failed to

satisfy his burden of proving that his counsel's performance was deficient and that

this deficient performance prejudiced his case, under Strickland v. Washington,

466 U. S. 668 (1984). *Exhibit D, p. 10*   Therefore, inasmuch as the state appellate

court has adjudicated these claims on the merits, the federal court should deny

Lingo relief.

    The enactment of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), brought new constraints on the federal habeas courts' power to grant

a state prisoner relief on a claim that has been adjudicated on the merits in state

court.  Specifically, "a federal court may not grant relief unless the state court's

adjudication of the claim resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Brown v.

Payton, 544 U. S. 133, 140-41 (2005); Diaz v. Sec'y of the Dept. of Corr., 402 F.

3d 1136, 1141 (11th Cir. 2005) (recognizing that, after enactment of the AEDPA,

review of the state courts' decision is limited).

    The clearly established federal law governing this case is Strickland v.

Washington, 466 U. S. 668 (1984).  The State appellate court analyzed Lingo's

ineffective assistance of counsel claims under this standard. *Exhibit D, p. 10*

Lingo has failed to present any federal cases in which the facts are materially

indistinguishable from the facts of his case but, nevertheless, the state appellate court arrived at an opposite conclusion from that reached by the federal court. <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 390 (2000).

Furthermore, the state court's decision in Lingo's case does not involve an unreasonable application of <u>Strickland</u>. "[A] state-court decision can involve an 'unreasonable application' of clearly established precedent in two ways." <u>Diaz</u>, 402 F. 3d at 1141. First, a state court decision unreasonably applies Supreme Court precedent when it identifies the correct governing legal rule, but unreasonably applies it to the facts of the case. <u>Id.</u> An unreasonable application also occurs when the state court "either unreasonably extends a legal principle . . . to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Id.</u> The prisoner does not carry his burden to establish an "unreasonable application" by establishing that, "in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly." <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002).

According to <u>Strickland</u>, to establish a claim of ineffective assistance of counsel, first, a convicted defendant must show that his counsel's performance was deficient. That is, his counsel's representation must fall "below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687. Second, he must show that his counsel's deficient performance prejudiced his case. <u>Id.</u> Under this factor,

a defendant must demonstrate "that counsel's errors were so serious as to deprive [him] of a fair trial[,]" such that "they actually had an adverse effect on the defense." Id. at 687, 693.

As the state appellate court correctly concluded, Lingo failed to show that his trial counsel's failure to question his arrest in Henry County by a Houston County officer or to question the victim, Lingo's alleged common-law wife, concerning their marriage was objectively unreasonable. In fact, an attack by counsel on Lingo's arrest, on the ground that the arresting officer was not employed in the county where the arrest occurred, would have been frivolous because, under the Alabama law in effect at the time of Lingo's arrest, a law enforcement officer has the authority to arrest a person with or without a warrant anywhere within the state. See Smith v. State, 727 So. 2d 147, 158 (Ala. Crim. App. 1998)("This rule [Ala. R. Crim. P. 3.3(a)] effectively did away with the requirement that an official may make a legal arrest only in the county or municipality in which the officer is employed."). Also, counsel's questioning of Lingo's alleged common-law wife concerning their alleged marriage would have been just as frivolous. Even if there was a recognizable common-law marriage between Lingo and the victim-witness, under Ala. Code 12-21-227, a husband or wife may testify for or against their spouse, although neither can be compelled to do so. Further, even assuming that Lingo and the victim were "married" at the

time of her testimony, it was not error for her to testify at his trial for a crime that was committed against her. See Crawford v. State, 629 So. 2d 745 (Ala. Crim. App. 1993)(holding defendant's common-law wife competent to testify against him in his trial); Corbitt v. State, 596 So. 2d 426, 427 (Ala. Crim. App. 1991)("[Defendant] has no federal constitutional right to bar his wife from testifying against him at his trial, and [Defendant] has no standing to object if his wife does not invoke the spousal privilege."). Accordingly, counsel's refusal to focus her questioning of the victim on the alleged common-law marriage between her and Lingo was not objectively unreasonable. Accordingly, the state courts' determination that Lingo failed to prove his trial counsel acted ineffectively in these instances did not involve an unreasonable application of Strickland. Lingo, therefore, is not entitled to federal habeas relief on these claims.

## F. Exhibits[5]

A - Record and transcript of Lingo's state court prosecution CC 03-599 (2 vols.);

B – Lingo's brief on direct appeal, CR 04-0602;

C - State's brief on direct appeal;

D - Alabama Court of Criminal Appeals memorandum opinion affirming Lingo's conviction;

E – Lingo's brief on rehearing and the appellate court's denial; and,

F – Lingo's petition and brief on writ of certiorari to the Alabama Supreme Court and the court's denial.

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-

s/Robin Scales
Robin Scales (BLE002)
*Assistant Attorney General*

---

[5] These are the same exhibits that Respondent's submitted with their answer to the original petition; therefore, Respondents are not resubmitting the exhibits. Respondents respectfully request, however, that the Court will incorporate those exhibits into the instant answer.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Ralph Wilson Lingo
Autauga County Metro Jail
136 North Court Street
Prattville, Al 36067

s/Robin Scales(BLE002)
Robin Scales (BLE002)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: rscales@ago.state.al.us

200790/98595-001