IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RALPH WILSON LINGO,

    Petitioner,

vs.       *    CIVIL ACTION NO. 1:06-CV-703-MHT

SHERIFF HERBIE JOHNSON, et al.,

    Respondents.

RECEIVED 2006 NOV -8 A 11: 58 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

### ANSWER OF RESPONDENT, SHERIFF HERBIE JOHNSON, TO AMENDMENT TO ORIGINAL HABEAS CORPUS PETITION

COMES NOW the Respondent, SHERIFF HERBIE JOHNSON, by and through counsel and for Answer to Amendment to Original Habeas Corpus Petition would state and aver as follows:

1. Admits that the Petitioner has substituted the Respondent, Sheriff Herbie Johnson, Sheriff of Autauga County, Alabama, for Willie R. Collins, Warden of the Montgomery City Jail. For further Answer, the Respondent would state that the Petitioner is being held in the Autauga County Metro Jail under a contract with the United States Marshall's office and, as such, the Petitioner is being held as a pre-trial detainee, not pursuant to a state court judgment.

2. Admits the allegations of Paragraph 2 of the Habeas Corpus Petition.

3. Admits the allegations of Paragraph 3 of the Habeas Corpus Petition concerning the dismissal of certain contentions, but would state that he is without sufficient information from which to form a belief as to the truth or veracity of Paragraph 3 of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

4. States that he is without sufficient information from which to form a belief as to the truth or veracity of Paragraph 4 of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

4(a). States that no answer appears to be necessary for Paragraph 4(a) of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

4(b). States that he is without sufficient information from which to form a belief as to the truth or veracity of Paragraph 4(b) of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

5. States that he is without sufficient information from which to form a belief as to the truth or veracity of Paragraph 5 of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

6. States that he is without sufficient information from which to form a belief as to the truth or veracity of Paragraph 6 of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

7. States that he is without sufficient information from which to form a belief as to the truth or veracity of Paragraph 7 of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

8. States that he is without sufficient information from which to form a belief as to the truth or veracity of Paragraph 8 of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

9. States that no answer appears to be necessary for Paragraph 9 of Petitioner's Habeas Corpus Petition, but would otherwise deny same and demand strict proof thereof.

FOR FURTHER ANSWER, the Respondent would state as follows:

a. That the Petitioner is being held by the Autauga County Metro Jail as a federal pre-trial detainee and not under a state court judgment.

b. That the Respondent does not have available to him any transcripts (of pretrial, trial sentencing or post-conviction proceedings) and is not even aware that the Petitioner has any state actions pending against him and, as such, cannot summit a narrative summary of any evidence which may exist against the Petitioner.

c. That as far as the Respondent is aware, the Petitioner is not in custody pursuant to a judgment of the State court, but would otherwise plead the applicable statute of limitations.

d. The Respondent is unable to provide this Honorable Court a procedural history of any state court judgment as the Petitioner is being held by the Autauga County Metro Jail as a federal pre-trial detainee, not pursuant to a state court judgment.

e. The Respondent is unable to affirmatively state whether this is the first habeas petition filed by the Petitioner, but can state this is the first habeas petition filed against the Respondent by the Petitioner.

J. ROBERT FAULK (FAU002)
Attorney for Respondent, Sheriff
Herbie Johnson

OF COUNSEL:
McDOWELL, FAULK & McDOWELL, L.L.C.
Attorneys at Law
145 West Main Street
Prattville, AL 36067
(334) 365-5950 Telephone
(334) 365-6016 Facsimile
robert@mcdowellfaulk.com Email

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2006, I did serve a copy of the foregoing on Ralph Wilson Lingo and the Hon. Troy King by U. S. Mail, postage prepaid, and properly addressed as follows:

Ralph Wilson Lingo
Inmate–Autauga County Metro Jail
136 North Court Street
Prattville, AL 36067

Hon. Troy King
Alabama Attorney General
11 S. Union Street
Third Floor
Montgomery, AL 36130

_____
J. ROBERT FAULK