IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH WILSON LINGO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06-CV-703-MHT |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

The respondents filed answers and supporting evidentiary materials in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein provide no basis for relief. Specifically, the respondents argue and the evidentiary materials demonstrate that Lingo is not entitled to federal habeas relief on his claim that trial counsel provided ineffective assistance by failing to subpoena witnesses and challenge his arrest in Henry County which unduly prejudiced him because the state courts properly adjudicated these claims on the merits. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). Additionally, to the extent the instant petition can be construed as challenging the sufficiency of the evidence to support a conviction for intimidation of a witness, the court notes that this claim likewise entitles Lingo to no relief as it too was properly adjudicated

on the merits by the appellate court. As support for this argument, the respondents maintain that the decision of the Alabama Court of Criminal Appeals on direct appeal addressing these claims was not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to ...* clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of ...* clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable]

> Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Furthermore, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

With respect to the remaining claims presented by Lingo, the respondents argue that such claims are procedurally defaulted because Lingo failed to present these claims to the state courts in accordance with the requirements of the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Teague v. Lane*, 489 U.S. 288 (1989); *Henderson v. Campbell*, 353 F.3d 880 (11th Cir. 2003); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Specifically, the respondents contend that the last state court to

address Lingo's challenge to the trial court's failure to instruct the jury on perceived lesser included offenses is procedurally defaulted because the last state court to address this issue deemed it barred from review. *See Respondents' Exhibit F at 19-21 - Memorandum Opinion of the Alabama Court of Criminal Appeals* at 4-6 (general objection did not preserve argument for review). The Alabama Court of Criminal Appeals further determined that "[t]he record supports the trial court's finding that jury instructions on criminal coercion and tampering with a witness were not warranted. Under the facts of this case, [Lingo] was either guilty of intimidating a witness or not guilty of anything. Therefore, [Lingo's] argument is without merit." *Exhibit F at 21 - Memorandum Opinion* at 6. Consequently, the restrictions on federal review contained in § 2254(d)(1)-(2) are likewise applicable to this claim.

Finally, the respondents assert that Lingo's challenge to the testimony provided by his alleged common-law wife (the victim) and a correctional investigator, and his claims of self-incrimination, excessive sentence, prosecutorial misconduct and illegal arrest are procedurally defaulted because Lingo has not presented these substantive claims to the state courts and no available remedy exists in which he may now raise such claims. *See Teague v. Lane*, 489 U.S. 288 (1989); *Henderson v. Campbell*, 353 F.3d 880 (11th Cir. 2003); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

> "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." *Judd*, 250 F.3d at 1313 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). "The doctrine of

> procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Judd,* 250 F.3d at 1313.  Since [the petitioner] failed to properly exhaust these claims in the state courts, and now is undeniably barred by firmly established and consistently applied state procedural rules from raising them, the claims are procedurally defaulted, and our review is precluded by this adequate and independent state procedural ground.

*Henderson*, 353 F.3d at 891.

> The law is well settled that:
>
> Procedural default will be excused only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes,* 433 U.S. [72], 87, 97 S.Ct. [2497], 2506 [1977].  "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.; Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray,* 477 U.S. at 495-96, 106 S.Ct. at 2678.  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*

*Henderson*, 353 F.3d at 892.  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal

5

insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

>   *Schlup* observes that
>
> > a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

Accordingly, it is

ORDERED that on or before November 29, 2006 the petitioner may file a response to the answers filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after November 29, 2006 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those

papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that the majority of his claims are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue this claim in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if the petitioner claims that this court should address the procedurally defaulted claim under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

Done this 9th day of November, 2006.

                        /s/ Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE