In The District Court of The United States
For The Middle District of Alabama
<u>Southern Division</u>

Ralph W. Lingo )
_____ )
Petitioner. )
 )
v. )  CIVIL ACTION No. 1:06-CV-703
 )
State of )  28 U.S.C 2254
Alabama )
_____ )
Respondents. )
 )

RECEIVED
2008 JUN 27 A 10:36
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

A motion to the court, by the Petitioner, _____

Ralph Wilson Lingo

I am giving a copy to the court of a motion filed with the Houston County Court for a retrial. I ask the court to look at it, and grant me a retrial, or to dismiss this case. There was no arrest warrent, the arrest took place in Henry County, I was transported back to Houston County by the City of Dothan Police department. Moore Vs Crocker 852 SO.2d 89 (Alabama 2002) Alabama Code 1975 title 15-10-70, 15-10-1, 15-10-10. I was arrested on 5-7-03 by Sgt. Tony Luker in Henry County. I was Searched, my pick up was returned to the city of Dothan and striped down. There is no arrest warrent on file with the Clerk's office.

## Certificate of Service

I hereby certify that on the 25 day of 6-25 ~ 2008, I did serve a copy of the forego in on by U.S. mail. Postage prepaid, and properly addressed as follows:

cc: Honorable Troy King, Alabama Attorney General, Alabama State House, 11 South Union St., Montgomery, AL 36130-0152

cc: Warden Kenneth Jones, Bullock Correctional Facility, P.O. Box 5107, Union Springs, AL 36089-5107

cc: Office of the Clerk, United States District Court, P.O. Box 711, Montgomery, AL 36101-0711

*Civil Action No. 1:06-CV-703*
*28 U.S.C. § 2254*
*Case number. 2003.006-599, 000*
*Filing in the Houston county courthouse, Date, 1-4-2005*

Ralph W. Lingo, AIS#
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089-5107

Date 6-25-2008   Name Ralph Lingo   AIS# 190083-154-2A

Ralph's Copy

Copy by Clerk
And mail back
to Ralph Lingo.

Date: 1-4-2005

Case number: 2003.000.599.60
2003.000.599.
(13A-10-123)(a),

The State of Alabama
in Houston County Court
in the city of Dothan, Alabama
Filing in the Houston County Courthouse

Defendant name is Ralph Wilson Lingo

**FILED**
JAN 0 6 2005
*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

Defendant is filing for a retrial directly to the Houston County Court

1. Defendant was denied any witnesses
2. Defendant was shackled and handcuffed in front of some of the jury.
3. Defendant was not allowed to shave or to comb his hair, was not allowed to take off the Houston County Jail inmate I.D. wristband.
4. Defendant's attorney refused to go over any evidence with the defendant
5. Attorney quoted to the defendant "I work for Judge White."
6. The attorney refused to talk to any witnesses before trial, and had refused to take any statements from any witnesses, and she refused to subpoena any of Ralph Lingo's witnesses.

1.

7. Defendant's attorney had refused to take a statement from Judge Larry Anderson
8. Judge Larry Anderson used to date Debra Tice, and Debra Tice was married to Ralph Lingo. Defendant's attorney was informed of this in a tape recorded interview conversation.
9. Judge Larry Anderson set the defendant's bond at $200,000.00 dollars.
10. Defendant was denied his constitutional right for a lower bond.
11. Defendant had a habeas corpus bond hearing. Judge White told the court reporter not to record anything. Quote word came from Judge White "Judge Larry Anderson wants me to talk everything over with him before I make any decisions" Judge White denied a bond.
12. Defendant could not appeal the bond hearing to a higher court because there was no transcript of the haebas corpus hearing of the trial.
13. Debra Blackstone was not present the first day of the habeas corpus bond hearing. The court refused to allow the court reporter to take down any statements again.

2.

14. The attorney refused phone calls from defendant, and wrote a letter telling the defendant not to call her or to write her.
15. The defendants attorney refused to file on his behalf to be co-counsel during his trial, which is in violation of his constitutional rights.
16. The Houston County Jail violated the defendants Constitutional rights.
17. The Houston County Jail does not have any S-2-d law books. They do not have any Federal law books, any Alabama rule of court law books. The Jail would not allow any copies to be made out of any law books. The do not have any upgraded law books, and hardly any state law books. The Jail only has a few Southern Reporter law books that are very old. Title 13 is not in the law library, no typewriter, no legal kit, no legal stamp. I feel like the defendants rights have been violated.
18. The Houston County Jail only allows one hour per week per inmate in the law library.
19. Defendants rights have been violated because there were no updated law books.
20. Defendant, Ralph Lingo, had been living with Debra Lingo for about three years. She had even started using Lingo for her last name, instead of Blackstone.

3.

21. Defendant had to fire his attorney in the presence of the jury. This was very critical to Ralph Lingo's trial.
22. Defendants attorney and Ralph Lingo were having alot of problems. The attorney had been asked to resign from Ralph Lingo's case, by defendant Ralph Lingo over twenty times. The attorney replied back that she does not work for Ralph Lingo, she works for Judge White. She is Judge Whites appointed attorney to handle his cases.
23. I have filed two separate complaints against Tammy Stinson with the Alabama state Bar.
24. Tammy Stinson informed Ralph Lingo that she would only prepare for his cases right before trial.
25. Attorney told the defendant several times to plead guilty.
26. The attorney told defendant Ralph Lingo that she has never tried an Intimidating a state witness case, and that she has never had any big cases like his.
27. She said she could not spend much time in any cases because the state only limits her to so much money, and for Ralph Lingo not to expect a big trial.

28. Defendant's attorney did not question the jury properly.
29. Tammy Stinson refused to listen to anything Ralph Lingo told her about the jury. The jury was picked in less than thirty minutes.
30. I asked my attorney to question each jury member separately with the court reporter present. The attorney refused.
31. Three of the jury members used to be coworkers with Debra Blackstone at G.E. plant
32. I. and I. investigations had been investigating a case at the Houston County Jail, where Ralph Lingo had been physically attacked by a corrections officer.
33. I. and I. investigations officer told Ralph Lingo that he had to take another statement from him. The officer did not tell him what for. He made it sound as if it was concerning the injury. The officer asked if I had an attorney and if I was suing the county. The officer told Ralph Lingo he did not need an attorney right now, and to let them finish their investigation first. He instructed Ralph Lingo to sign a statement that he said concerned medical records, to get them from Kilby. He asked Ralph Lingo if he could read at all, and Ralph Lingo told him he could not.

5.

33. (continued) The investigator turned on a tape recorder and began to question Ralph Lingo about Debra Blackstone. The officer misled Ralph Lingo. The conversation probably lasted a minute. Ralph Lingo told him to stop the tape recorder and that he would answer no more questions without his attorney. He stopped the tape recorder and told me if I didn't finish the conversation that he would have me shipped from Bullock Correctional Facility to a rough prison. The officer told Ralph Lingo that he would offer a deal to anyone who would make a statement against him. I notified the district attorney Doug Valeska and the Houston County Courts about this incident and asked to have it investigated, and my attorney was notified as well three weeks before trial.

34. District attorney's office had withheld confidential information from defendant and the defendants attorney. The district attorney violated the defendants constitutional rights. The State knew the jury heard the testimony that was taken at Bullock Correctional would hurt Ralph Lingo's case. They intended that to happen. The defendant did not know this untill it was time for him to take the stand. The state withheld evidence from the defendant.

6

35. Tony R. Luker, city of Dothan investigator, had burgharized Ralph Lingos home in Henry County in Abbeville.

36. Tony Luker took phone tapes from Ralph Lingo's home. He is using these tapes to make cases against Ralph Lingo. These tapes are bringing arrests against other people also. Some of these tapes go as far back as 15 years. There are roughly 2000 tapes or more. Alot of these tapes are Ralph Lingo and his wife argueing on the phone.

37. Alot of these tapes were of Debra Blackstone and Larry Anderson talking on the phone. Some of these tapes have conversations of Larry Anderson talking with Debra Blackstones uncle about favoritism.

38. Tony Luker charged Ralph Lingo with intimidating a state witness against Debra Blackstone. All of Debra Blackstones handwritten report only show from 5-8-2003. There is no other evidence to show that she is a state witness. There are no records showing where she was subpoenaed to be a state witness. There is no report with the clerk of court office. The state is withholding state evidence, or does not have any evidence to prove Debra Blackstone is a state witness.

7.

39. The crime of intimidating a state witness was supposed to have happened on 5-1-2003. I was arrested for intimidating a state witness on 5-7-2003. The written statements Debra Blackstone gave Tony R. Luker was on 5-8-2003. How can Ralph Lingo have been arrested before Debra Blackstone even gave a statement. For intimidating a state witness the state has to prove intent to carry it out. And how can a person intimidate their common law wife?

40. Ralph Lingo told his attorney to bring up the jurisdiction law. His attorney told him Judge White would not allow it.

41. Defendant brought up the jurisdiction law to Judge White. Judge White instructed him to give him all the paperwork he had on this. Defendant gave Judge White the paperwork. Judge White would not let anything be documented as an exhibit. Defendant also gave Judge White a case law of Moore vs Crocker case number 852 So.2d 89 (Ala. 2002), and title 6-5-338, Ala. Code 1975, and title 15-10-10 Ala. Code 1975, and title 15-10-70 Ala. Code 1975, and title 11-40-10 Ala. Code 1975, and Defendant also mentioned the law on indictments, but the Judge also refused to allow that to be put on transcript or to be entered into trial. Judge refused any and all

8.

41. (continued) documents given by the defendant to be used in trial. The case law for the indictment is Edwards vs State case number 816 so. 2d 98. An indictment must read the following four words: Intentionally, Knowingly, Recklessly, criminal neglegince.

42. Under Alabama State law defendant has the right to introduce all legal documents into his trial.

43. Judge also refused Ralph Lingo the right to file any motions into trial.

44. Ralph Lingo was lied to about going to trial. His attorney told him he was going to trial for all three cases at one time, and told him he would go to court first concerning the search warrant.

45. Houston County had denied the defendant a trial concerning the search warrant and illegal search and seizure. Ralph Lingo tried for over 18 months to get a copy of the search warrant. Defendant has over 100 copies of letters asking for a copy of the search warrant, the chain of custody, and also for return and inventory. Also defendant had asked for more documents concerning the search warrant. The reply has always been that there was no search warrant on file.

9.

46. The "search warrant" was typed up by Sgt. Tony R. Luker of the city of Dothan Police Department, on his computer.

47. The defendant's attorney, Tammy L. Stinson, failed to object to the state while they were questioning witnesses on the stand.

48. The state was neglegent to give me an attorney with no background experience, on these types of cases. I asked the court several times to appoint me another attorney and was refused. My attorney and I did not get along.

49. The court refused the defendant the right to get any evidence like radio transcript logs, security video's of the jail and courthouse. These tapes will prove that Tony Luker was never at Henry County courthouse on 04-14-2003, and will also prove that Troy Silva was not present during the search.

50. The City of Dothan kidnapped Ralph Lingo when they went to Henry County and got Ralph Lingo. There were over 6 police units from the City of Dothan that responded to Headland and arrested Ralph Lingo. He was searched by the City of Dothan, handcuffed, and put in back of a Dothan Police car,

10.

50. (continued) The City of Dothan transported Ralph Lingo back to Dothan in a Dothan Police car with blue lights and sirens. Tony Luker did not transport Ralph Lingo. The officer transporting Ralph Lingo told him he was not supposed to go to another county and arrest any one. The officer also stated that he did not have an arrest warrant for Ralph Lingo, or any transport papers. The officer also stated that a Henry County deputy was supposed to be there at the scene. I told him there was a deputy fire marshall with Tony Luker, and he said they were still supposed to transport me legally. The officer stated he could be charged with kidnapping.

I, Ralph Lingo, feel like the state of Alabama violated all my constitutional rights, allowing kidnapping to take place by an officer, having ignored the unlawful search and seizure law, denied me a hearing on unlawful search and seizure. I feel like the City of Dothan had commited theft of property by having my vehicle taken out of Henry County, towed back to the City of Dothan where was stripped without having the legal paperwork to do this.

11.

The vehicle was worth $35,000.00 dollars. My other vehicles were not seized. Also, intimidating a state witness can be a class A misdemeanor. The city of Dothan charged me with the wrong charge. I should have been charged with harrasement only. Debra Blackstone was never legally summoned to be a state witness, and had not given any written document to the city or the state, until 5-8-2003.

These are the grounds of why I am filing a direct appeal to the Houston County Court. I will file it with the Houston County clerk Judy Byrd. I am asking for these cases to be dismissed, or I would like a hearing set up on these grounds as soon as possible.

Return Address
Ralph Lingo
190083    3-34
P.O. Box 1107 DCF     Date: 1-4-2005
Elmore, Al.
         36025        Ralph Lingo

(Pages 1 and 12.)